**In re PETITION FOR DISCIPLINARY ACTION AGAINST Peter James NICKITAS, a Minnesota Attorney, Registration No. 212313.**

**No. A05–1202.**

Supreme Court of Minnesota.

Aug. 11, 2005.

---

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Peter James Nickitas has committed professional misconduct warranting public discipline, namely, that he engaged in a consensual sexual relationship with a client, entered into multiple business transactions, including a $9,900 interest-free loan, with the client without making a written disclosure of the potential conflicts and without advising the client to obtain independent counsel, and failed to file a timely appeal of a November 2000 final judgment in violation of Minn. R. Prof. Conduct 1.3, 3.1 and 1.8(a) and (k).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a 90–day suspension, payment of $900 in costs and disbursements under Rule 24, RLPR, and payment of restitution to the client of $9,900 and interest at the applicable judgment rate. The parties further agree that the reinstatement hearing provided for in Rule 18(a)-(d) be waived and that if restitution is not paid in full at the time respondent files an affidavit for reinstatement, he shall be placed on indefinite probation upon reinstatement until the obligation is satisfied.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that (1) respondent Peter James Nickitas is suspended for 90 days, effective 14 days from the date of this order; (2) the reinstatement hearing provided for in Rule 18(a) through (d), is waived; (3) respondent successfully complete the professional responsibility portion of the bar examination within one year of the date of this order; (4) respondent comply with Rule 26, RLPR; (5) respondent pay $900 in costs under Rule 24(a), RLPR; and (6) respondent repay with interest at the judgment rate the unsecured loans made by complainant or enter into an agreement for repayment.

Respondent shall be reinstated following the expiration of the suspension provided that at least 15 days before the expiration

of the suspension period, respondent files an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that respondent is current with Continuing Legal Education requirements, has fully complied with Rules 24 and 26, RLPR, and has either fully paid his client $9,900 and interest at the applicable judgment rate representing the balance of his unsecured loans from the client or respondent has entered into a repayment agreement for the remaining amount due. If respondent has not fully repaid the unsecured loans by the time he files an affidavit for reinstatement, he shall be placed on indefinite probation, the terms of which shall include monthly reports to the Director's Office concerning his compliance with the repayment agreement until the obligation is satisfied.

BY THE COURT:

/s/Alan C. Page
Associate Justice